NO    JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REVOLUTION FMO, LLC, a.k.a. THE REVOLUTION MO, LLC, a limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>RONALD GRANT, an individual, GOLD COAST BROADCASTING, LLC, a limited liability company, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.  2:15-cv-02719-R<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION |

The Court previously granted Plaintiff The Revolution FMO, LLC's ("Revolution") Ex Parte Application for Temporary Restraining Order ("TRO") or, In the Alternative, Preliminary Injunction.  Plaintiff successfully sought a TRO to: (1) bar Grant from continuing to use, disseminate or otherwise discuss confidential and proprietary materials belonging to Plaintiff in any forum or by any medium, including but not limited to on his website, at seminars and through his weekly radio show; (2) bar Gold Coast Broadcasting from broadcasting any program in which proprietary and confidential materials belonging to Plaintiff is used, disseminated or otherwise

1   discussed; and (3) bar Grant from further soliciting Plaintiff's employees and agents.  (*See* Dkt.
2   Nos. 11, 14).  After granting Plaintiff's request for a TRO, the Court set a hearing for a
3   preliminary injunction to the same effect on May 11, 2015.  (Dkt. No. 14).  Defendant Gold Coast
4   has since been dismissed from this suit.  (Dkt. No. 25).  No opposition was ever filed by
5   Defendant Ronald Grant ("Defendant" or "Grant").  Accordingly, the Court determined the matter
6   suitable for determination without such hearing.  (Dkt. No. 27).

7   On April 13, 2015, Plaintiff filed this action seeking damages and injunctive relief
8   regarding copyright infringement, breach of contract, indemnity, conversion, misappropriation,
9   and unfair competition under California law against former employee Defendant David Grant.  In
10  essence, Plaintiff claims that Defendant Grant is continuing to use Plaintiff's trade secrets without
11  Plaintiff's consent by virtue of his radio show on Gold Coast and through postings on the Internet.

12  To obtain preliminary injunctive relief, a plaintiff must show that he is likely to succeed on
13  the merits, he is likely to suffer irreparable harm, the balance of the equities tips in the plaintiff's
14  favor, and an injunction is in the public interest.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109,
15  1127 (9th Cir. 2009).

16  Plaintiff has shown that it is likely to succeed on the merits of each of its infringement
17  claims.  First, Plaintiff has demonstrated it is likely to succeed on its copyright infringement
18  claims because it has proffered evidence that Grant has been using written documents and posting
19  videos based on and incorporating Plaintiff's trade secrets.

20  Second, Plaintiff has shown that Grant entered into numerous agreements, including a non-
21  disclosure agreement and a non-compete agreement, both of which were renewed at the
22  conclusion of Plaintiff and Grant's employment relationship.  Just as Plaintiff has demonstrated its
23  likelihood to prevail on its copyright infringement claims, Plaintiff has also shown it is likely to
24  succeed on the merits of its breach of contract, indemnity, and conversion claims based on Grant's
25  infringing use of Plaintiff's trade secrets.

26  Third, for the same reasons that Plaintiff is likely to succeed on its copyright infringement
27  claims, Plaintiff has shown that it is likely to succeed on its misappropriation of trade secrets
28  claims.  Based thereon, Plaintiff has also demonstrated it is likely to succeed on its "piggy back"

unfair competition claims under the California Business and Professions Code.

Plaintiff has also demonstrated that it will suffer irreparable harm if its request for injunctive relief is denied. Primarily, Grant's actions have collectively damaged Plaintiff's business goodwill; such damage is likely to be irreparable. *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

The balance of the equities also favors granting injunctive relief. In contrast to the harm caused to Plaintiff's goodwill, Grant has and is continuing to be unjustly enriched at Plaintiff's expense. Through Grants continued use and dissemination of Plaintiff's trade secrets, Grant has acquired and continues to acquire clients and referrals that could have gone to Plaintiff. Thus, the balance of the equities also favors issuance of injunctive relief.

Additionally it is in the public interest to grant injunctive relief here. The public has an interest in enforcing contract provisions and providing business investments, including confidentiality agreements. *See, Saini v. Int'l Game Tech*, 434 F. Supp. 2d 913, 925 (D. Nev. 2006). "At the very least, there is no public interest against enforcing the agreement where an individual has taken it upon himself to disclose confidential information solely for pecuniary gain." *Id.*

Here, Plaintiff has brought claims for misappropriation of trade secrets under California law. Claims brought for misappropriation of trade secrets under California law are governed by the California Uniform Trade Secrets Act ("CUTSA"). *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F.Supp.2d 911, 985 (C.D. Cal. 2011) (*citing to K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.,* 171 Cal. App. 4th 939, 954, 90 Cal.Rptr.3d 247 (2009)). In an action under CUTSA, it is imperative that the alleged trade secrets be specifically identified. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 221 (2010), *disapproved on other grounds in Kwikset v. Superior Court*, 51 Cal. 4th 310, 337 (2011). Additionally, "[i]n order to obtain an injunction prohibiting disclosure of an alleged trade secret, the plaintiff's first hurdle is to show that the information it seeks to protect is indeed a trade secret." *DVD Copy Control Assn., Inc. v. Bunner*, 116 Cal. App. 4th 241, 251 (2004). Under CUTSA, a trade secret is "information . . . that: (1) Derives independent economic value, actual or potential, from not being generally known

. . . ; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).  Thus, whether something is a trade secret depends on whether the information (1) is valuable because it is unknown to others and (2) is something the owner has attempted to keep secret. *ABBA Rubber Co. v. Seaquist*, 235 Cal.App.3d 1, 18 (1991).

Here, Plaintiff has specifically identified documents that were infringed.  Those documents include Plaintiff's "5 Step Sales Seminar," "Understanding Different Retirement Strategies" seminar, and "Understanding Different Types of Annuities" seminar.  (Dkt. No. 11-2 ¶ 20).  This list is specific, concrete and adequately informs Defendant of the sought injunction's boundaries.

Plaintiff has sufficiently demonstrated that those documents identified are trade secrets. The documents and information sought to be protected reflect seminars explaining Plaintiff's system by which Plaintiff teaches non-product specific sales and marketing.  This information derives its value from not being generally known as these techniques help consumers make choices to exploit advantages and options in the market in ways that, if known generally, would be diminished.  Plaintiff has also attempted to keep such information secret via use of contractual restraints including non-disclosure agreements and confidentiality agreements.

Thus, Plaintiff has sufficiently shown that the documents sought to be protected here constitute trade secrets and identified those documents and information.  Accordingly, these documents constitute the boundaries of the instant request for preliminary injunction.

In sum, every factor weighs in favor of issuing injunctive relief in this case.  Plaintiff has demonstrated a likelihood of success on each of its claims, the harm suffered is likely to be irreparable, and the balance of the equities and public interest both favor issuance of relief.

IT IS HEREBY ORDERED that a preliminary injunction is ISSUED.

Dated:  May 19, 2015

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4