1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT OF CALIFORNIA
CENTRAL DISTRICT – WESTERN DIVISION

16

THE REVOLUTION FMO, LLC, a.k.a.
17  THE REVOLUTION MO, LLC,

18           Plaintiffs,

19

20       v.

21  RONALD GRANT, an individual,
GOLD COAST BROADCASTING,
22  LLC, a limited liability company, and
DOES 1 through 10, inclusive,
23

24           Defendants.

25

Case No. 2:15-cv-02719
*[Hon. Manuel L. Real, Ctrm. 8]*

**STIPULATED PROTECTIVE ORDER**

**Complaint filed: 4/13/2015**

26
27
28

Plaintiff The Revolution FMO, LLC a.k.a. The Revolution MO, LLC ("Plaintiff") and Defendant Ronald Grant ("Defendant") respectfully submit this Joint Motion for a Stipulated Protective Order.

Disclosure and discovery activity in this action involves the production of confidential, proprietary, or private information ("Protected Document(s)") that warrants strictly limiting the use and disclosure of the Protected Documents for purposes of prosecuting and defending this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.

WHEREAS, the parties to this action, without waiving the privacy, confidentiality, sensitivity or proprietary nature of such information, wish to have access to Protected Documents for the sole purpose of prosecuting and defending the above-captioned action; and

WHEREAS, the parties contend they could suffer irreparable harm if their respective Protected Documents were subject to unreserved disclosure.

NOW, THEREFORE, the parties to this action hereby stipulate as follows:

1.     The following definitions apply:

1.1    <u>Party or Parties:</u> Shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and its support staff).

1.2 <u>Disclosure, Discovery Material, or Protected Document:</u> Includes all items or information, regardless of the medium or manner generated, stored, or maintained (including, without limitation, testimony, transcripts, documents, documents incorporated within testimonies and transcripts, electronic data or other tangible things) that are produced, generated, or uncovered during depositions, in response to discovery, or any other proceeding in this action.

1.3     Expert: Refers to any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.4     Professional Vendors: Includes persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.     Parties receiving copies of Protected Documents shall treat the documents and their contents as confidential, to be used only for purpose of this litigation. In particular, parties shall not give, show, or disclose the contents of any such document to any other person or entity, except:

(a)     The Court, *in camera* or under seal;

(b)     Other lawyers, paralegals, or staff employed by counsel's office to whom its disclosure is deemed necessary for the prosecution and defense of this action;

(c)     The parties, or their officers, directors, or employees to whom disclosure is deemed necessary for the prosecution and defense of this action;

(d)     Experts retained by counsel to assist in the preparation of this case for trial; and

(e)     nonparty witnesses who are furnished the Protected Documents in the context of this action. The party or parties furnishing the Protected Documents must also disclose this Agreement to the nonparties.

STIPULATED PROTECTIVE ORDER

3.      Except as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

3.1     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the producing party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s).

3.2     For testimony given in depositions that the confidential and protected material be designated as such by counsel on the record and before the close  of the deposition or promptly afterwards.

4.      Prior to providing or disclosing Protected Documents to any person described in subparagraphs 2(b)-(d), counsel shall first inform such person that the Protected Documents are to be treated as confidential, to be used only for the purposes of this litigation, and that these restrictions are imposed by Court Order.

5.      Before providing the Protected Documents to any person pursuant to Paragraph 2 hereof, counsel shall first provide such person with a copy of this Protective Order and shall have such person execute an acknowledgment and agreement to be bound by the terms of this Protective Order in the following form:

ACKNOWLEDGMENT AND AGREEMENT REGARDING
PROTECTED DOCUMENTS

- 4 -

STIPULATED PROTECTIVE ORDER

The undersigned acknowledges that a Protective Order has been entered in the United States District Court, Central District of California, Case No. 2:15-cv-02719 entitled *The Revolution FMO, LLC a.k.a. The Revolution MO, LLC v. Ronald Grant.* The undersigned acknowledges that he/she/it has received and read a copy of the Protective Order, understands the contents thereof, and agrees to be bound by its terms. The undersigned acknowledges that a violation of the terms of this Protective Order could subject the undersigned to sanctions or damages as provided by law. The undersigned expressly submits to the jurisdiction of the United States District Court, Central District of California, for purposes of any action that might be necessary to enforce the terms of this Protective Order.

Dated: _____ By:_____

Counsel shall retain such signed acknowledgment in its file, pending the final disposition of this action.

6.      The use, disclosure, or production by the parties of the Protected Documents pursuant to this Protective Order shall not be deemed to concede the relevancy, competency or admissibility of any document or of any matter set forth therein, and is not intended to be a waiver of any privilege.

7.      If any party hereto files with the Court any Protected Document or any document that contains, incorporates, reproduces, excerpts or discloses the contents of any Protected Document, or the substance thereof, its confidential nature shall be disclosed on the first page of such document and it shall be filed with the Court under seal for *in camera* review.

STIPULATED PROTECTIVE ORDER

7.1    Before any Protected Document is filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal in compliance with Civil Local Rule 79.

8.    The protections conferred by this Stipulation and Order cover not only Protected Documents (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Documents and the information contained therein.

8.1.    The protections of this Order shall apply retroactively to documents produced by any party prior to entry of this Order.

9.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

10.    Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a party or the parties agree otherwise in writing or a Court order otherwise directs.

11.    Parties may use Protected Documents that are disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Documents may be disclosed only to the categories of persons and under the conditions described in this Order.

11.1.    Protected Documents must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

12.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated

STIPULATED PROTECTIVE ORDER

in this action as a "Protected Document," the receiving party must notify the designating party, in writing immediately and in no event no more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

12.1.  The receiving party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

12.2.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

13.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Documents to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of Protected Documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER

14.     Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.

15.     Nothing in this Stipulated Protective Order abridges the right of any person to seek a Court-imposed modification to the Stipulated Protective Order in the future.

16.     By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to assert evidentiary objections to the materials covered by this Stipulated Protective Order.

SO STIPULATED.   (See signatures of counsel on Stipulated [Protective] Order filed February 3, 2016 (Dckt No. 74)

IT IS SO ORDERED.


Date: February 5, 2016      By: _____

                                Honorable Manuel L. Real
                                United States District Court